IT IS ORDERED

Date Entered on Docket: September 4, 2020



_____
**The Honorable Robert H Jacobvitz
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

IN RE:
CRUZ VINCENT DELGADO
LUCINDA JEAN DELGADO

      Debtors.                                 Case No. 13-19-11049-JA

**STIPULATED ORDER MODIFYING THE AUTOMATIC STAY
AND PROVIDING FOR THE ABANDONMENT OF PROPERTY**

This matter came before the Court on U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1997-7's ("**Creditor**"), Motion for Relief from Automatic Stay for the Abandonment of Property, filed on June 3, 2020, (Docket No. 33) (the "**Motion**"). The Court, having reviewed the record, the Motion, the Objection and being otherwise sufficiently informed, FINDS:

On June 3, 2020 Creditor served the Motion and a notice of the Motion (the "**Notice**") on Arun A Melwani, Attorney for Debtors, and Tiffany M. Cornejo (the "**Trustee**") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on Cruz Vincent Delgado and

Lucinda Jean Delgado ("Debtors") by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

    a.    The Motion relates to the property located at 257 Timber Road, Bernalillo, NM 87004 (the "Property"), more fully described as:

> All of the property located at LOT 4 BLOCK1 OLD SAWMILL ADDITION, in the City/Town/Village of BERNALILLO, County of SANDOVAL, State of NM, in which the Borrower has an ownership, leasehold, or other legal interest. This property is more particularly described on the schedule titled "Additional Property Description" which is attached hereto as Exhibit A, together with a security interest in that certain 1997, 40 X 28 VS2840A mobile home, serial number_____.
> Lot numbered Four (4) in Block numbered One (1) of the Old Sawmill Addition, as the same is shown and designated on the plat thereof, filed in the Office of the County Clerk of Sandoval County, New Mexico, on July 29, 1980, in Folio No. ____.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes. If there is a conflict between the legal description and the street address, the legal description shall control.

    b.    The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

    c.    The Notice was sufficient in form and content;

    d.    The deadline to object expired on June 30, 2020;

    e.    On June 9, 2020, Debtors filed an Objection to the Motion (Docket No. 35). No other party in interest filed a response to the Motion;

    f.    The Court being advised of both the Debtor's' and the Trustee's consent to the relief requested herein and their approval as to the form of this Order; and the Court having considered Creditor's Motion, now enter this Order modifying the automatic stay and providing for the abandonment of property in the event of default.

The parties stipulate and agree to the following terms:

1. <u>Post-Petition Default</u>. The Debtors will cure the postpetition arrears in the amount of $3,223.80 by making six (6) monthly payments of $537.30 each (the "**Stipulated Monthly Payment**").

2. <u>Stipulated Monthly Payments</u>. The Debtor shall timely pay the Stipulated Monthly Payments as follows:

| Due Date | Payment Amount |
|---|---|
| August 20, 2020 | $537.30 |
| September 20, 2020 | $537.30 |
| October 20, 2020 | $537.30 |
| November 20, 2020 | $537.30 |
| December 20, 2020 | $537.30 |
| January 20, 2021 | $537.30 |
| **TOTAL** | **$3,223.80** |

3. Remittance of full and timely payment amounts under this payment schedule will cure and satisfy the current total postpetition default of $3,223.80 by January 20, 2021. These payments shall include the loan number, made via certified funds and delivered to:

NewRez LLC d/b/a Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, SC 29603-0826

4. <u>Monthly Note Payments</u>. In addition, Debtors shall continue to timely pay their regular monthly payment due as required by the Note in the amount of $509.72 as they come due commencing with the August 10, 2020 payment (unless otherwise notified by Creditor), and continuing thereafter (the "**Note Payment**").

5. <u>Notice of Default</u>. In the event the Debtors fails to tender either a Stipulated Monthly Payment or Note Payment as due and required by this Order, the movant may file a Notice of Default with the Court, which will be mailed to the Debtors and sent by electronic notification to Debtors' counsel (the "**Notice of Default**").

a. <u>Cure Period</u>. The Debtors will have ten (10) days from the filing of a Notice of Default to pay the balance due pursuant to the Notice of Default (the "**Cure**").

b. <u>Default</u>. If the Debtors fail to Cure within ten (10) days of the filing of the Notice of Default, then Debtors shall be in Default (the "**Default**").

c. <u>Affidavit of Default</u>. If Debtors are in Default, then upon movant's filing of an Affidavit of Default, the automatic stay effectuated by Debtors' bankruptcy filing will be lifted as ordered herein, so that Creditor may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law.

d. <u>Third Failure to Make Monthly Payment</u>. The Debtors will only receive two (2) Notices of Default. In the event that the Debtors Default a third time by failing to make either the Stipulated Monthly Payment or regular Note Payment when it becomes due, Creditor may immediately proceed with the filing of an Affidavit of Default, thereby terminating the automatic stay and abandoning the Property as ordered herein, so that Creditor may avail itself to the rights and remedies afforded under its Note and Mortgage. The automatic stay is not modified to permit creditor to take any act to collect a deficiency or other obligation against the debtors or to create any personal liability as to the debtors, but rather, the stay is modified to allow the debtors to be named as defendants *in rem* and seek enforcement of its security interest against the property.

6. <u>Trustee Payments</u>. Upon Default and the filing of an Affidavit of Default with proper notice of the Default to the Trustee, the Trustee shall immediately cease making payments to Creditor pursuant to the Debtors' Chapter 13 Plan, and future payments, if any, will only be made by the Trustee pursuant to an Amended Proof of Claim.

IT IS, THEREFORE, THE ORDER OF THIS COURT:

That in accordance with the above agreed upon terms, upon the Creditor's filing of an Affidavit of Default and pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code"), the automatic stay of Section 362(a) of the Bankruptcy Code is hereby lifted as to the real property identified in Creditor's Note and Mortgage as described above.

That upon Default by the Debtors and proper notice of the Default to the Trustee, the Property is hereby abandoned pursuant to Section 554 of the Bankruptcy Code, and Creditor may avail itself to the rights and remedies afforded under the Note and Mortgage, including but not limited to the right to foreclose against the Property if available under State Law. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtors, in the event that a discharge order is entered.

That upon Default by the Debtors and proper Notice of the Default to the Trustee, the Trustee shall cease making payments to Creditor pursuant the Confirmed Plan, and any future payment and/or deficiency owed by the Debtors to Creditor after sale of the Property shall be set forth in an Amended Proof of Claim filed by Creditor and shall be subject to the Bankruptcy Code should this bankruptcy continue. If the Note and the obligation therein are fully satisfied and there remain any money-proceeds from the sale of the Property, then such monies will be paid to the Trustee for the benefit of the estate.

That upon default by Debtors, the filing of the Creditor's Affidavit of Default, and the termination of the automatic stay and the abandonment of the subject property as provided herein, Fed. R. Bankr. P. 4001(a)(3) is not applicable and/or is waived and Creditor may immediately enforce and implement relief from the automatic stay and foreclose on the subject property if available under State Law.

8107-005-B 7466824.docx mdb

5

Case 19-11049-j13    Doc 36    Filed 09/04/20    Entered 09/04/20 13:29:47 Page 5 of 7

This Stipulated Order (the applicable payment and default terms herein) shall remain effective, upon conversion to another chapter bankruptcy.

XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By */s/ Michael Mazur*
    MICHAEL D. MAZUR
    Attorney for Creditor
    7430 Washington Street, NE
    Albuquerque, NM 87109
    Telephone: (505) 833-3036
    Michael.Mazur@roselbrand.com


APPROVED BY:


By: Approved via email on August 27, 2020
    Arun A Melwani
    Attorney for Debtors
    10749 Prospect Ave NE Ste F
    Albuquerque, NM 87112-3281
    Telephone: 505-323-5800
    arun@melwanilaw.com


By: Approved via email on August 31, 2020
    Tiffany M. Cornejo
    Chapter 13 Trustee
    625 Silver Avenue SW Suite 350
    Albuquerque, NM 87102-3111
    Telephone: 505-243-1335

Copied to:

 Cruz Vincent Delgado
 Lucinda Jean Delgado
 Debtors
 257 Timber Rd
 Bernalillo, NM 87004